**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 No. CV-05-0227 LH/WPL
                                          CR-04-838 LH

HECTOR FERRERA-NARVIZE,

      Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court, sua sponte under 28 U.S.C. § 2255 R. 4(b), for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 18) filed February 28, 2005.  Defendant pleaded guilty to an information and was convicted of reentry by a deported alien previously convicted of an aggravated felony.  8 U.S.C. §§ 1326(a)(1) and (2) and (b)(2).  He was sentenced to 57 months of imprisonment, in part as a result of the prior aggravated felony conviction.  § 1326(b)(2).  Defendant did not appeal his conviction or sentence.  In his § 2255 motion, Defendant claims the Court illegally enhanced his sentence based on prior convictions.  He also asserts his attorney provided ineffective assistance by allowing him to plead guilty under an unconstitutional sentencing system.  He does not deny that he was previously deported after committing an aggravated felony.

Defendant's claims are raised under *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005); *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004); and *Almendarez-Torres v. United*

*States*, 523 U.S. 224 (1998).   In *Almendarez-Torres*, the Supreme Court expressly allowed enhancement of a sentence based on prior convictions.  *See Almendarez-Torres*, 523 U.S. at 246-47. The decision in *Almendarez-Torres* has been criticized, *see Shepard v. United States*, 544 U.S. ---, ---, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., concurring), but not overruled, *see United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 (10th Cir. Apr. 11, 2005).   Furthermore, this sentencing claim is barred under the rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury."  *Apprendi*, 530 U.S. at 490; *see also United States v. Soto-Ornelas*, 312 F.3d 1167, 1170 (10th Cir. 2002).   Neither *Blakely* nor *Booker* overrules the "prior conviction" exception to the *Apprendi* rule.  *See, e.g., Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty . . . must be admitted by the defendant").  Defendant's sentence does not violate the Constitution.

Defendant contends his attorney provided ineffective assistance by failing to raise *Blakely* and *Almendarez-Torres* issues.  "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him."  *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999).  The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one."  *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)).  First, the Clerk's minutes indicate that counsel raised *Blakely* issues at sentencing. (CR Doc. 16.)  And, as noted above, Defendant's arguments under *Blakely* and *Almendarez-Torres* are unavailing.  He was not

2

prejudiced even if his attorney failed to make these arguments, and this claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 18) filed February 28, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE